**Query**   **Reports**   **Utilities**   **Help**   **What's New**   Log Out

CLOSED

# U.S. District Court
## Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.4)] (Albany)
### CRIMINAL DOCKET FOR CASE #: 1:25-mj-00355-PJE-1

| | |
|---|---|
| Case title: USA v. Mohamed | Date Filed: 10/30/2025 |
| Other court case number: 0648 2:15CR00002 Southern District of Ohio | Date Terminated: 11/03/2025 |

Assigned to: Magistrate Judge Paul J. Evangelista

**Defendant (1)**

| | | |
|---|---|---|
| **Hassan-Nur Mohamed**<br>*TERMINATED: 11/03/2025* | represented by | **Jeremy B. Sporn**<br>Office of the Federal Public Defender - Albany Office<br>54 State Street - Suite 310<br>Albany, NY 12207<br>518-436-1850<br>Email: jeremy_sporn@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Public Defender or Community Defender Appointment<br>Bar Status: Active<br>Fee Status: waived_2025 |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** |
|---|
| None |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** |
|---|
| None |

| Complaints | Disposition |
|---|---|
| -,Supervised Release Violation | |

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Joseph Hartunian** <br> DOJ-USAO <br> 445 Broadway <br> Albany, NY 12207 <br> 518-431-0241 <br> Email: joseph.hartunian@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Assistant US Attorney* <br> *Bar Status: Active* <br> *Fee Status: waived_2025* |

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2025 | 1 | Rule 32.1 Documents Received as to Mohamed Hassan-Nur (tab) (Entered: 11/03/2025) |
| 10/30/2025 | | Rule 32.1 arrest of Mohamed Hassan-Nur. (tab) (Entered: 11/03/2025) |
| 10/30/2025 | | TEXT Minute Entry for proceedings held before Magistrate Judge Paul J. Evangelista: Initial Appearance pursuant to Rule 32.1 as to Mohamed Hassan-Nur held on 10/30/2025. Appearances by AFPD Jeremy Sporn, fr the defendant; AUSA Joseph Hartunian for the Defendant. USPPO Dan Casullo, present. The Defendant is advised of his rights and the maximum penalties are stated. The Court qualifies the defendant for counsel based on financial questions and also that this Deft was assigned the FPD's office for his NYND case that had just concluded. Counsel is appointed. The Defendant signs the Rule 32.1 waiver form, waiving all hearings in this district and reserving his right to hold hearings in the Southern District of Ohio. The Defendant is Ordered removed. The Court issues the oral Rule 5(f) Reminder of Prosecutorial Obligation Order. Defendant is remanded to the custody of the U.S. Marshal, pending removal and further Court proceedings. (Court Reporter FTR Recorded)(CRD:Tara Burtt)[1:33pm-143pm] (tab) (Entered: 11/03/2025) |
| 10/30/2025 | 2 | TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Hassan-Nur Mohamed. Because the defendant has testified under oath or has otherwise satisfied this court that he (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require it is hereby ORDERED that: The Office of the Federal Public Defender for the Northern District of New York is assigned representation of the defendant and shall file a notice of appearance with the Clerk of Court. So Ordered by Magistrate Judge Paul J. Evangelista on 10/30/2025. (tab) (Entered: 11/03/2025) |
| 10/30/2025 | 3 | WAIVER of Rule 32.1 Hearings in this District by Hassan-Nur Mohamed (tab) (Entered: 11/03/2025) |

| | | |
|---|---|---|
| 10/30/2025 | 4 | COMMITMENT TO ANOTHER DISTRICT as to Hassan-Nur Mohamed. Defendant committed to District of Southern District of Ohio. Signed by Magistrate Judge Paul J. Evangelista on 10/30/2025.(Copies served upon other agencies as directed) (tab) (Entered: 11/03/2025) |
| 11/03/2025 | 5 | RULE 5(f) ORDER as to Hassan-Nur Mohamed: This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, to confirm the Government's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and to summarize the possible consequences of violating those obligations. Signed by Magistrate Judge Paul J. Evangelista on 11/3/2025. (tab) (Entered: 11/03/2025) |
| 11/03/2025 | | TEXT NOTICE to the Clerk, Southern District of Ohio of a Rule 32.1 appearance as to Hassan-Nur Mohamed: Your case number is: 0648 2:15CR00002. On 10/30/2025, Defendant appeared in the NDNY as a result of an arrest warrant issued. The defendant waived his/her right to all hearings in this district and was remanded to custody. NDNY did not collect a bond or passport. Please use PACER Court Links to access the public docket and documents. (tab) (Entered: 11/03/2025) |

AO 466 (Rev. 01/12) Waiver of Rule 32.1 Hearing (Violation of Probation or Supervised Release)

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 1:25-MJ-355 (PJE) |
| Hassan-Nur Mohamed | ) | |
| | ) | Charging District's Case No. 0648 2:15CR00002 |
| *Defendant* | ) | |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 30 2025
AT____O'CLOCK
John M. Domurad, Clerk - Albany

## WAIVER OF RULE 32.1 HEARING
(Violation of Probation or Supervised Release)

I understand that I have been charged with violating the conditions of probation or supervised release in a case pending in another district, the *(name of other court)* Southern District of Ohio.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of certified copies of the judgment, warrant, and warrant application, or reliable electronic copies of them if the violation is alleged to have occurred in another district;

(4) a preliminary hearing to determine whether there is probable cause to believe a violation occurred if I will be held in custody, and my right to have this hearing in this district if the violation is alleged to have occurred in this district; and

(5) a hearing on the government's motion for my detention in which I have the burden to establish my eligibility for release from custody.

I agree to waive my right(s) to:

☐ an identity hearing and production of the judgment, warrant, and warrant application.

☐ a preliminary hearing.

☐ a detention hearing.

☑ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 10-30-2025

*Hassannur Mohamed*
Defendant's signature

_____
Signature of defendant's attorney

Jeremy Sporn
Printed name of defendant's attorney

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Hassan-Nur Mohamed | ) | Case No. 1:25-MJ-355(PJE) |
| | ) | |
| | ) | Charging District's |
| *Defendant* | ) | Case No. 0648 2:15CR00002 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the  Southern  District of  Ohio ,
*(if applicable)* _____ division. The defendant may need an interpreter for this language: _____ .

The defendant: ☐ will retain an attorney.
☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: 10/30/2025

*Judge's signature*

Paul J. Evangelista, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

Hassan-Nur Mohamed
         Defendant.

Case Number: 1:25-MJ-355 (PJE)

**ORDER**

Honorable Paul J. Evangelista, United States Magistrate Judge

    This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

    The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id*. at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

    As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed

sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

1) specify the terms and conditions of such production;

2) grant a continuance;

3) impose evidentiary sanctions;

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq.*

4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

6) enter any other order that is just under the circumstances.

SO ORDERED.

Dated: November 3, 2025
Albany, New York

_____
Hon. Paul J. Evangelista
U.S. Magistrate Judge